IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMON VASQUEZ (Plaintiff) | : CIVIL ACTION NO. 3:19-cv-00040-KRG-KAP |
| | : |
| | JUDGE KIM R. GIBSON |
| | MAGISTRATE JUDGE KIETH A. PESTO |
| v. | : |
| TREVOR WINGARD, MELISSA HAINSWORTH, HAINSWORTH, KERI MOORE, MARK PRICE, DOUGLAS ABBOT, ALLEN JOSEPH, MARK BROTHERS, JENNIFER McCLELLAND, DAVID ONSTEAD, TREY SLEDGE, SHAWN KIRKPATRICK, JAMES FEY, DONALD SKOVIRA, LORRIE EARNESTY, AND STEPHEN MORAN (Defendant's) | FILED JUN 14 2019 CLERK U.S. DISTRICT COURT WEST. DIST. OF PENNSYLVANIA |

### FIRST FIRST AMENDED REQUEST

AND NOW, comes the plaintiff Ramon Vasquez, hereby respectfully moves this court for an amendment pursuant to F.R.C.P. 15 (a)(2) and in support avers the following:

### PROCEDURAL HISTORY

1. Plaintiff Vasquez, is currently proceeding pro se initiated this civil action in the Court of Common Pleas Somerset County.

2. March 11, 2019, Defendant's moved to remove this action from the state to federal court.

3. April 15, 2019, an Order was issued which Granted Defendant's request for Extension of Time, and scheduled responses for June 14, 2019.

4. April 24, 2019, another Order was issued which Voluntarily Dismissed Somerset County an a Defendant.

### FACTS

5. Vasquez request to correct fact no. 3 on page 4 of the original complaint from cell 55 to cell 53.

6. Fact no. 5 page 4 Vasquez request to omit the word **towards**.

7. Fact no. 43, page 10 Vasquez request to omit Mechanicsburg, Pa. and insert Harrisburg, Pa.

8. Fact no. 54, page 12, Vasquez wishes to assert that: As Vasquez was completing his disciplinary time, he met with the institutions psychiatrist Defendant Stephen Moran. During the interview, Vasquez noticed that Moran continuously tried to imply that Vasquez was hearing voices and seeing things that really weren't there. Moran also tried to coerce Vasquez into taking strong psychiatric medications that had substantial side effects. Vasquez told Moran that he was experiencing symtoms of anxiety, depression, flashbacks, nightmares, and jumpiness. He also told Moran that he did not want the medication Moran offered, and assured Moran that what he needed was someone to listen to him and take his rape issue seriously.

9. Fact no. 55, of the same page, Vasquez wishes to assert that: Unfortunately, Moran diagnosed Vasquez as schizophrenic, when Vasquez met with p.r.c. it was determined that he be placed in the d.t.u. program. See (Exhibit"39") The d.t.u. program was a unit in the r.h.u. that housed the most severe mentally disturbed inmates.

10. While in the d.t.u. Vasquez met with psycology counselors Ms. Lafferty, and Ms. Fulmer bi-weekly for one on one sessions. In those sessions Vasquez expressed that he continued to experience flashbacks, nighmares, and anxiety he asked Ms. Lafferty if she could print out information on schizophrenia. She later gave Vasquez a print out of the symtoms. See (Attached Exhibit"A") Once Vasquez realized how severe the symtoms of schizoprenia were, and considered his new housing asssignment he requested to speak with a supervisor. In another session Ms. Fulmer informed Vasquez that the head psychiatrist was Dr. Moran. Vasquez requested a re-evaluation because he did not fit the criteria of a person with schizoprenia. See (Exhibit"40") Contrary to Morans' diagnosis Vasquez wishes to offer a print out from WebMD.com showing the symtoms of PTSD which infact mirror the symtoms Vasquez was going through. See (Attached Exhibit "B")

11. Fact no. 59, page 13, Vasquez wishes to assert: While in the d.t.u. C.O.'s Fey and Skovira were the regular assigned officers from 2pm.-10pm. On more than one occasion both Fey and Skovira

made slanderous remarks toward Vasquez directly, and indirectly. They'd refer to Vasquez as a she, a cheese eater, or made beeping noises when escorting him to and from his cell as if Vasquez were a tracker. This was done on several occasions infront of other inmates, who began to threaten Vasquez, called him a snitch, and a faggot.

February 15, 2018, Vasquez had an issue with his legal copies whereas he'd been charged for copies but never received them. While awaiting an escort back to his cell Vasquez spoke to Fey and asked Fey to look into the situation for him. At the same time Skovira approached the two and told Vasquez that he threw the copies away. This escaltated into an argument between Vasquez and Skovira whereas Vasquez told Skovira he'd grieve the issue to supervisors Skovira retorted "Just make sure you spell my name right!" Vasquez fed up with Skoviras' cynicism told Skovira that he would also include the fact that Skovira was the third shift officer on B-A who would let inmates out of there cells in the middle of the night who weren't am. kitchen workers. Skovira retorted "Oh yeah that was around the same time alot of bang-bang was going on in your cell!" Skovira simultaneously made a fist pumping motion from side to side. Vasquez replied "So you admit it huh!?" Then things grew awkwardly silent. Inmate Marcus Jone #NB 5023 witnessed this confrontation and issued a verified statement. See (Exhibit"43")

12. Fact no. 72, page 16, <u>Claims for Relief</u> Vasquez wishes to assert: Defendant Moran owed Vasquez a conduct of professional medical service. Moran breached that duty, and or unwarrantly departed from generally accepted standards of medical practice, by deliberately disregarding the characteristics of post-traumatic stress disorder, and diagnòsing Vasquez as schizophrenic, with the intent of projecting Vasquez as delusional or out of touch with reality. This was the substantial factor that caused increased psycological distress, because Vasquez was referred to the d.t.u. program as a result, where C.o.'s Fey and Skovira repeatedly taunted and antagonized Vasquez because of his rape issue; Constituted the Tort of Medical Malpractice under the laws of -

-3-

Pennsylvania.

GROUNDS FOR RELIEF

13. Vasquez hereby incorporates all the above mentioned paragraphs as if fully set forth herein.

14. The decision whether to grant or deny a motion to amend rest in the sound discretion of the court. Massarky v. General Motors Corp., 706 F2d. 111, 125 (3rd cir. 1983)

15. Federal Rule 15(a)(2) provides that "a Party may amend its pleading only with the opposing party's consent or the courts' leave, the court should freely give leave when justice requires" F.R.C.P. 15(a)(2) The third circut has also held that "prejudice to the nonmoving party is the touchstone for denial of an amendment. Cornell & Co. v. Occupational Safety & Health Rev. Comm'n, 573-F2d 820, 823 (3rd. Cir. 1978)

16. Here, Vasquez took the liberty to contact the Defendant's and ask for their consent, but has not received a response. Furhermore, this is Vasquez first request to amend his pleadings namely, to clear clerical errors, assert facts and claims with more clarity.

17. The foregoing request to amend does not cause surprise, nor undued prejudice to the Defendant's already listed.

PRAYER FOR RELIEF

Wherefore all the above reasons mentioned herein Vasquez respectfully prays this court grant his request to amend his complaint.

Dated: June 10, 2019

Respectfully submitted,

Ramon Vasquez #09-6214
Berks County Jail System
1287 County Welfare Rd.
Leesport, Pa. 19533

-4-

## CERTIFICATE OF SERVICE

I, Ramon Vasquez, hereby certify that I am serving a true and correct copy of the foregoing documents to the person's listed and in the manner indicated below.

U.S. MAIL

        Clerk of Court
United States District Court, Western
       District of Pennsylvania
        Penn Traffic Building
       Johnstown, Pa. 15901

    Joseph T. Healey, Esquire
  Burn White Attorney at Law
   575 Pierce St., Suite 202
    Kingston, Pa 18704

   Yana Warshafsky, Esq. DAG
 Office of the Attorney General
    1251 Waterfront Place
     Mezzanine Level
    Pittsbugh, Pa. 1522

By _Ramon Vasquez_ (signature)