IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAMON VASQUEZ, :
      Plaintiff, :
  v. : Case 3:19-cv-40-KRG-KAP
TREVOR WINGARD, et al., :
      Defendants :

<u>Order, Report and Recommendation</u>

<u>Order</u>

      Plaintiff's motion at ECF no. 17 for extension of time to file a response to the motion to dismiss at ECF no. 14 is denied as moot since plaintiff filed that response at ECF no. 21.

<u>Recommendation</u>

      Defendant Moran's Motion to Dismiss, ECF no. 14, should be granted.

<u>Report</u>

      The plaintiff filed a *pro se* civil rights complaint in state court that defendants removed to this court. Defendant Moran filed a motion to dismiss for lack of service and for failure to file a certificate of merit, ECF no. 14, on the same day that plaintiff filed an amended complaint at ECF no. 15. The motion can be taken to apply to the amended complaint.

      The claim by plaintiff against defendant Moran is simple: Moran allegedly misdiagnosed plaintiff's PTSD as schizophrenia. <u>See</u> Complaint at ¶¶54-56, 72, and Prayer for Relief; Amended Complaint

at ¶¶ 8-10, 12. As to the moving defendant there is a professional negligence claim and only a professional negligence claim, and to maintain that claim plaintiff must comply with the certificate of merit requirement of Pa.R.C.P. No. 1042.3, see Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir.2011). It is not in dispute that plaintiff has not done this: he asks the Court to force someone to provide him with a certificate of merit. See Plaintiff's Response, ECF no. 21 at 1-2.

The Due Process Clause, and specifically Federal Rule of Evidence 706, do not give a court "the power to tilt the scales in favor of one litigant by funding its expert witnesses." Young v. Martin, 801 F.3d 172, 185 (3d Cir.2015)(citing Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir.1987), cert. denied, 485 U.S. 991 (1988). The complaint as to defendant Moran must be dismissed. Dismissal is without prejudice. See Donnelly v. O'Malley & Langan, PC, 370 Fed.Appx. 347, 350 (3d Cir.2010).

As for the other defendants, treating the plaintiff's pleading at ECF no. 22 as a motion for entry of a default judgment, it is denied. The Prison Litigation Reform Act, as codified at 28 U.S.C.§ 1915A, commands that:

(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress

from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

The remaining defendants may file motions to dismiss (to which plaintiff shall respond withing thirty days), but no defendant need file an answer until I have screened the amended complaint and the Court has ruled on the pending motion to dismiss.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to the recommendation portion of this Order, Report and Recommendation. The parties are advised that in the absence of timely and specific objections any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir.2017)(standard of appellate review when no timely and specific objections are filed).

DATE: 3 February 2020

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:
　　　Ramon Vasquez #09-6214
　　　Berks County Prison
　　　1287 County Welfare Road
　　　Leesport PA 19533

3